# Heiser *v.* Reynolds, Appellant.

*Pleading—Practice, C. P.—Negligence — Deceit — Allegata et probata.*

1. A statement of claim which avers the breach of a contract to invest safely, sounds in negligence and not in deceit.

*Practice, C. P.—Trial—Objection not made at trial—Appeal.*

2. An objection not made at the trial cannot be reviewed on appeal.

3. It is not error to fail to rule that a paper operates as a general release, if the court is not specifically asked to do so, and evidence in regard thereto has been submitted by both parties.

*Release—Construction of paper — Consideration — Evidence — Cross-examination.*

4. Where a receipt specifically refers to given matters, followed by general words which, if standing by themselves, might be held to operate as a general release, it will not be so construed unless upon a consideration of the whole of the evidence it appears to have been so intended.

5. Where one who draws and executes a paper is called as a witness, and testifies that the paper was one of settlement, he may

be asked on cross-examination whether the matter in litigation was included in the settlement.

Argued Jan. 16, 1919.  Appeal, No. 95, Jan. T., 1919, by defendant, from judgment of C. P. Philadelphia Co., Dec. T., 1916, No. 688, on verdict for plaintiff in case of Theodore Heiser v. Alfred E. Reynolds.  Before BROWN, C. J., FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Trespass for negligence in investing money.  Before MONAGHAN, J.

Verdict and judgment for plaintiff for $2,106.90.  Defendant appealed.

*Error assigned,* inter alia, was in overruling defendant's motion for judgment n. o. v.

*B. D. Oliensis,* for appellant.—While the facts constituting the cause of action appeared in the probata, they are not set forth in the allegata: Pumeroy v. Bruce, 13 S. & R. 186; Fenn v. Early, 113 Pa. 264; Wilkinson Mfg. Co. v. Welde, 196 Pa. 508; Stewart v. De Noon, 220 Pa. 154; Kough v. Penna. R. R. Co., 222 Pa. 175.

The sole element of liability in this case is the act of deceit and not of negligence: Duff v. Williams, 85 Pa. 490; Lamberton v. Dunham, 165 Pa. 129.

*C. S. Eastwick,* for appellee.—A variance between the writ and declaration cannot be taken advantage of after the defendant has pleaded in bar: Baum v. Tonkin, 110 Pa. 569; Boyle v. Breakwater Co., 239 Pa. 577; Stoker v. Philadelphia & Reading Ry. Co., 254 Pa. 494.

This case is directly ruled by McFarland v. McClees, 17 W. N. C. 547.

OPINION BY MR. JUSTICE SIMPSON, February 3, 1919:

Plaintiff sued defendant to recover the sum of $2,000 intrusted to him, as a broker, for investment.  The ver-

dict and judgment were for plaintiff, and defendant appeals.

The evidence shows that defendant was engaged in the business of loaning money for others; that he obtained money at various times from plaintiff to loan to other people; and on this particular occasion he obtained the sum of $2,000. Plaintiff says defendant expressly agreed that the money would be loaned only upon securities which were a first lien upon real estate. Defendant says the money was advanced to loan specifically to a named person at a large bonus, that plaintiff knew the property was heavily encumbered, and took the risk of the result. The jury having found the fact in favor of plaintiff we must accept his statement as true.

The principal complaint made by the defendant is that the allegata and probata do not agree. He avers the statement of claim is in deceit, whereas the evidence at most showed negligence, upon which ground the case was submitted to the jury. We cannot agree with his contention. The statement avers a contract to loan only upon first liens, that the money was loaned on a third encumbrance, and was all lost by reason thereof. The averment, therefore, is one of negligence growing out of a wrongful breach of the contract. Defendant also alleges the statement is so drawn as to lead to the conclusion that plaintiff did not know, at the time he agreed to advance the money, to whom it was to be loaned; whereas the evidence shows the borrower's name was stated at that time; and hence, for this reason also, the allegata and probata do not agree. Inasmuch, however, as plaintiff averred and the jury found the agreement was that no loan was to be made, whether to a named or unnamed person, unless secured as a first lien on real estate, the variance, if it is such, is an unimportant one; and as no specific objection was made thereto at the time the testimony was taken, it cannot be made now. It is true a general objection was made, at the beginning of the trial, to plaintiff's offer of proof,

but the admission thereof is not assigned as error, and moreover the objection did not refer specifically to this matter.

Defendant also complains because the court did not give binding instructions in his favor, on account of a receipt given by plaintiff's counsel to defendant at the time of the payment of a sum of money stated therein. It would perhaps be sufficient to say, in regard thereto, that the court was not asked to construe the paper; and no assignment of error sets forth a failure to construe it properly. Moreover, the paper is only a receipt; it deals with several claims, but not with the one in this litigation, and then contains general language which, if dissevered from the context, might be held to operate as a release of the present claim. It does not say it is a release of the claims specified and other claims; but that it is merely a receipt for the amount paid in settlement of the claims specified and provides for a general release in the future; and the maxim verba generalia restringuntur ad habilitatem rei vel personam may well be applied thereto. The attorney who drew and signed the receipt, was called as a witness for defendant, and testified that it was only intended to cover the matters specifically referred to therein. The defendant testified otherwise, and the court, in a charge of which no complaint is made on this point, left it to the jury to say whether or not it was intended to cover the present claim. The jury have found that it was not.

The only other assignment of error is that plaintiff, in cross-examination of the witness who testified to the receipt, was permitted to ask him "Did the Spears $2,000 enter into this settlement at all?" The objection was a general one and cannot now avail the defendant; especially as the witness was asked in chief if "the paper was a settlement paper" and plaintiff was therefore entitled, on cross-examination, to have the jury know of what it was a "settlement."

The judgment of the court below is affirmed.